IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-71-KAC-JEM-1 |
| ANTOINE WILCOX, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Antoine Wilcox's Motion to Show Cause and For Leave to File Motion Out of Time, asking to file a motion to suppress evidence seized pursuant to a search warrant beyond the motion deadline [Doc. 109]. The last pretrial motion deadline in this case expired on October 21, 2024 [*See* Doc. 57 p. 3]. As grounds for the late motion, Defendant asserts that good cause exists for filing the motion late because "the timing and scope of discovery limited counsel's ability to investigate and evaluate suppression issues" [*Id.* at 2]. Specifically, Defendant states that the Government provided additional discovery on April 15, 2025, which included photographs that he contends contradict information in the search warrant affidavit [*Id.*]. Defendant also explains that in May 2025, Codefendant Jalen McMillian changed counsel twice due to his prior counsels' conflicts of interest [*Id.*]. On May 5, 2025, CoDefendant Ra'Shaun Wilcox's counsel and Defendant's counsel "requested further discovery relating to the lease agreement of the residences that were searched and photos discussed in the affidavit for search warrant" [*Id.* at 3]. On June 24, 2025, counsel for CoDefendant McMillian and CoDefendant Ra'Shaun Wilcox "requested storage

unit access records from the Government" [*Id.*]. The Government informed them that it did not have those records but that it would issue an administrative subpoena; as of the date of the motion, the Government had not produced those records [*Id.*]. Finally, on August 12, 2025, Defendant's counsel "received video recordings and photographs from the search at Lakeside Centre Way" [*Id.*]. Defendant asks the Court to find good cause to permit the untimely motion based upon the late discovery and asserts that doing so will not cause undue delay nor prejudice the Government [*Id.*].

The Government "believes good cause has been shown and does not object" [Doc. 120 p. 1]. It explains that "discovery was voluminous" and that "it was no excuse that the government failed to provide the defendant with the search video and photographs of the defendant's storage unit in its initial disclosures" [*Id.* at 5]. While "unintentional," the Government submits that "due to the late disclosure of the evidence from the search of the storage unit, [the Government] believe[s] that good cause has been shown for the Court to consider the defendant's late-filed [m]otion" [*Id.*].

Motions seeking suppression of evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

Here, Defendant explains that the late suppression motion is due to the belated receipt of discovery, which he contends provide the basis for the motion. The Government agrees that Defendant has shown good cause to file the motion late. In addition, the Court granted CoDefendant Ra'Shaun Wilcox leave to file a late suppression motion [Doc. 106]. Accordingly, the Court finds that Defendant Antoine Wilcox clears the good cause hurdle.

For the foregoing reasons, the Court **ORDERS** as follows:

(1) Defendant Antoine Wilcox's Motion to Show Cause and For Leave to File Motion Out of Time [Doc. 109] is **GRANTED** in that the Court will hear Defendant Antoine Wilcox's Motion to Suppress Any Evidence Discovered in the Search of Storage Unit #2118 [Doc. 110]; and

**(2)** the Court will hear the motion on **January 15, 2026, at 10:00 a.m.**

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge