UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ANTOINE A. WILCOX and<br>RA'SHAUN D. WILCOX,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-CR-71-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Unopposed Joint Motion to Continue Trial, Extend Plea Deadline, and Reset All Other Pretrial Deadlines [Doc. 194] filed by Defendants Antoine Wilcox and Ra'shaun Wilcox on October 7, 2026.

Defendants jointly ask to continue the October 27, 2026 trial date and the October 8, 2026 plea deadline and to reset all related pretrial deadlines [*Id.* ¶ 1]. Defendant R. Wilcox and Defendant Antoine Wilcox both filed motions to suppress evidence seized during the execution of search warrants at an apartment and two storage units [Docs. 97 & 110]. Following a suppression hearing, the undersigned issued a Report and Recommendation [Doc. 167]. Defendants have filed objections [Docs. 173 & 174-1], and the Government has responded to objections [Doc. 181].

In support of the motion to continue, Defendant R. Wilcox contends that the suppression motions, Report and Recommendation, and objections are presently pending before the District Judge [Doc. 194 ¶¶ 2–3]. Defendants assert that the ruling on the suppression motions is likely to affect plea negotiations and Defendants' trial strategy [*Id.* ¶ 3]. Defendants also note a new

prosecutor filed a notice of appearance in this case on September 29, 2026 [*Id.* ¶ 4]. Accordingly, Defendants aver that a trial continuance and extension of the plea deadline will further the interests of justice [*Id.* ¶ 6]. Defendants, who are in custody, are aware of their speedy trial rights and waive them in relation to the requested continuance [*Id.* ¶ 7]. They also acknowledge that the time between the filing of their joint motion and the new trial date is fully excludable under the Speedy Trial Act [*Id.*]. The Government has no objection to a trial continuance or to extending the remaining pretrial deadlines including the plea deadline [*Id.* ¶ 6].

Based upon the information in the joint motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The District Judge has the Defendant's suppression motions, the undersigned's Report and Recommendation, and the parties' objections and response under consideration. The parties need time to engage in plea negotiations after a determination of their suppression issues and, if negotiations are not fruitful, to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the October 27, 2026 trial date.

The Court therefore **GRANTS** Unopposed Joint Motion to Continue Trial, Extend Plea Deadline, and Reset All Other Pretrial Deadlines [**Doc. 194**]. The trial of this case is reset to **February 2, 2027.** A new trial schedule is included below. Because the Court finds that the ends

of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on October 7, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendants' Unopposed Joint Motion to Continue Trial, Extend Plea Deadline, and Reset All Other Pretrial Deadlines [**Doc. 194**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 2, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 7, 2026**, and the new trial date of **February 2, 2027,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 30, 2026**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **January 19, 2027, at 11:00 a.m.**;

(6) the deadline for filing motions *in limine* is **January 15, 2027,** and responses to motions *in limine* are due on or before **January 26, 2027**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 22, 2027.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge